## MORTENSON v. HOGG et al.
### No. 60.

Circuit Court of Appeals, Second Circuit.

Nov. 7, 1938.

Joseph L. Roesch, of New York City (Irving I. Goldsmith, Adolph Bruenner, and Monroe Collenburg, all of New York City, of counsel), for appellants.

Lynch & Cahn, of White Plains, N. Y. (Warren W. Wells and John R. Bushong, both of White Plains, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The plaintiff has recovered judgment in an action for damages for personal injuries sustained by reason of the negligence of the appellant John S. Hogg, while operating an automobile owned by the other appellant, Mary S. Hogg. Federal jurisdiction rests on diverse citizenship. The main contention of the appellants is that the court erred in denying their motion to dismiss the complaint on the ground that the plaintiff was guilty of contributory negligence as a matter of law.

The accident occurred on the White Plains Post Road in a sparsely settled section of the village of Scarsdale, N. Y., on June 21, 1937, shortly before 2 P. M. A drizzling rain was falling and the pavement was wet. At the place of the accident the Post Road is a four lane state highway running north and south; on the east side Murray Hill Road enters but does not cross the Post Road. In the general outline of what happened the evidence is undisputed. The plaintiff was the driver of a small delivery truck that was proceeding south along the Post Road; about opposite Murray Hill Road he parked at the westerly curb, jumped out from the left side of his truck and started to hurry across the Post Road for the purpose of speaking to the driver of a bakery truck which had come to a stop after turning into Murray Hill Road. The plaintiff looked to the north, saw a south bound car which he continued to watch while he ran in front of it, and had gotten slightly beyond the center of the roadway when he came into contact with the car driven by John S. Hogg who was proceeding north in the second lane from the east at a speed estimated by one witness at 35 to 40 miles per hour. In an effort to avoid the plaintiff, Hogg swerved his car to the right but the side of the car at about the left front door struck him, inflicting serious injuries.

Two of the plaintiff's own witnesses— Phillips, the bakery driver with whom he wished to speak, and Diamond, whose

804

south bound car he barely escaped—testified that he did not look to the south after jumping from his truck and starting to run across the highway. If that be so, his contributory negligence would be beyond question. Knapp v. Barrett, 216 N.Y. 226, 110 N.E. 428. But even on the plaintiff's own story we think it too clear to make any issue for the jury. He admitted that he "hurried," though he denied that he ran, across the road; he testified that when he was on the inside south-bound lane he looked to the south and saw the defendant's car on the inside north-bound lane about 150 feet away, that he had an idea that it was safe to cross and continued on "until I got past the center, when this car was right on top of me, and I hesitated going further, and he swerved to the right, and in swerving to the right, he struck me with his left rear of the car." It is undisputed that if the car had not been swerved to the east he would have been struck by the front of it instead of the side. On the plaintiff's own testimony he proceeded into a position of danger in front of an approaching car which he had seen 150 feet away. Probably he exaggerated the distance; but if so, his fault is the more obvious. Either he neglected to keep his eyes upon the car while he proceeded into its path, or he tried to dash across its observed path under a misconception as to its speed when, as he was not at an established crossing for pedestrians, he had no reason to suppose that the car would slacken its speed—if, indeed, it could have done so on the wet pavement. In either case he was taking a risk which there was no need for him to take; he needed only to pause where he was until the car had passed. It was not as though the car had unexpectedly changed its course and caught him for that reason; here the defendant's car did not swerve into him, but away from him, and it would have hit him if it had not swerved. Contributory negligence involves taking a risk which the interest at stake does not warrant. Certainly the plaintiff took a risk, and with equal certainty his interest in getting across to speak to a man who was awaiting him, was not sufficient to warrant taking it. We can see no issue of fact for the jury on the subject of contributory negligence. Such negligence barred recovery and the motion to dismiss the complaint should have been granted.

Judgment reversed.